UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROBERT CAVAZOS,                    )
                                   )   No. CV-07-3001-CI
           Plaintiff,              )
                                   )   ORDER GRANTING PLAINTIFF'S
v.                                 )   MOTION FOR SUMMARY JUDGMENT
                                   )   AND REMANDING FOR FURTHER
MICHAEL J. ASTRUE,                 )   PROCEEDINGS
Commissioner of Social             )
Security,                          )
                                   )
           Defendant.              )
                                   )
                                   )
_____   )

     BEFORE THE COURT are cross-Motions for Summary Judgment, noted
for hearing without oral argument on October 1, 2007. (Ct. Rec. 17,
20.)  Attorney D. James Tree represents Plaintiff; Special Assistant
United States Attorney Richard M. Rodriguez represents Defendant.
The parties have consented to proceed before a magistrate judge.
(Ct. Rec. 8.)  On September 4, 2007, Plaintiff filed a reply. (Ct.
Rec. 22.)   The court requested supplemental briefing.  (Ct. Rec.
23.)  Both parties filed supplemental briefing.  (Ct. Rec. 24, 25.)
After reviewing the administrative record and the briefs filed by
the parties, the court **GRANTS** Plaintiff's Motion for Summary
Judgment (**Ct. Rec. 17**) and **REMANDS** for further administrative
proceedings.  Defendant's Motion for Summary Judgment (**Ct. Rec. 20**)
is **DENIED**.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
AND REMANDING FOR FURTHER PROCEEDINGS - 1

**JURISDICTION**

Plaintiff filed applications for disability insurance benefits (DIB) and Social Security Income (SSI) benefits on June 13, 2002, alleging an amended onset date of July 23, 2001 (his 50th birthday), due to musculoskeletal impairments, chronic obstructive pulmonary disease (COPD), and rib pain. (Tr. 301-302.) Following a denial of benefits and reconsideration, an initial hearing was held on June 16, 2003. (Tr. 261-280.) After hearing the testimony of Plaintiff and vocational expert Lynn Dankel, Administrative Law Judge (ALJ) Donald Krainess found Plaintiff not disabled. (Tr. 24.) Plaintiff appealed to federal district court, where the ALJ's decision was reversed and remanded because the ALJ failed to include a need-to-change-position-at-will limitation in his hypothetical to the VE. (Tr. 309-310.) After remand by the Appeals Council (Tr. 312-314), ALJ Mary Bennett Reed held a hearing on June 20, 2006. Plaintiff and vocational expert Sharon Welter testified. (Tr. 500-547.) On October 20, 2006, the ALJ denied benefits at step four and the Appeals Council denied review. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts and are briefly summarized here. At the time of the second decision, Plaintiff was 55 years old. (Tr. 507.) He earned a GED and attended college from fall of 2001 through spring of 2002, completing about 70 college credits. (Tr. 507.) Plaintiff has worked as a long haul truck and taxi driver. (Tr. 264, 270, 273, 507.) In 1993 Plaintiff worked for a month or two distributing

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND AND REMANDING FOR FURTHER PROCEEDINGS - 2

1  advertising materials.   This past work was not mentioned in the
2  first hearing or decision.

3                      **SEQUENTIAL EVALUATION PROCESS**

4       The Social Security Act (the "Act") defines "disability" as the
5  "inability to engage in any substantial gainful activity by reason
6  of any medically determinable physical or mental impairment which
7  can be expected to result in death or which has lasted or can be
8  expected to last for a continuous period of not less than twelve
9  months."  U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).   The Act also
10 provides that a Plaintiff shall be determined to be under a
11 disability only if any impairments are of such severity that a
12 Plaintiff is not only unable to do previous work but cannot,
13 considering Plaintiff's age, education, and work experiences, engage
14 in any other substantial gainful work which exists in the national
15 economy.   42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).   Thus, the
16 definition of disability consists of both medical and vocational
17 components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
18 2001).

19      The Commissioner has established a five-step sequential
20 evaluation process for determining whether a person is disabled.  20
21 C.F.R. §§ 404.1520, 416.920.   Step one determines if the person is
22 engaged in substantial gainful activities.   If so, benefits are
23 denied.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  If not,
24 the decision maker proceeds to step two, which determines whether
25 Plaintiff has a medically severe impairment or combination of
26 impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

27      If Plaintiff does not have a severe impairment or combination

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
AND REMANDING FOR FURTHER PROCEEDINGS - 3

of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe so as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii), 20 C.F.R. § 404, Appendix 1, Subpart P.  If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled.  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work which was performed in the past.  If a Plaintiff is able to perform previous work, that Plaintiff is deemed not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, Plaintiff's residual functional capacity ("RFC") assessment is considered.  If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of Plaintiff's residual functional capacity, age, education and past work experiences.  20 C.F.R. §§ 404.1520(a)(4)(v), 416. 920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon Plaintiff to establish a *prima facie* case of entitlement to benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 ((9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once Plaintiff establishes that a physical or mental impairment prevents the performance of previous work.  The burden then shifts, at step five,

1    to the Commissioner to show that (1) Plaintiff can perform other
2    substantial gainful activity, and (2) a "significant number of jobs
3    exist in the national economy" which Plaintiff can perform. *Kail v.*
4    *Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

5        Plaintiff has the burden of showing that drug and alcohol
6    addiction (DAA) is not a contributing factor material to disability.
7    *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001).  The Social
8    Security Act bars payment of benefits when drug addiction and/or
9    alcoholism is a contributing factor material to a disability claim.
10   42 U.S.C. §§ 432 (d)(2)© and 1382(a)(3)(J); *Sousa v. Callahan*, 143
11   F.3d 1240, 1245 (9th Cir. 1998).  If there is evidence of DAA and the
12   individual succeeds in proving disability, the Commissioner must
13   determine whether the DAA is material to the determination of
14   disability.  20 C.F.R. §§ 404.1535 and 416.935.  If an ALJ finds
15   that the claimant is not disabled, then the claimant is not entitled
16   to benefits and there is no need to proceed with the analysis to
17   determine whether substance addiction is a contributing factor
18   material to disability.  However, if the ALJ finds that the claimant
19   is disabled and there is medical evidence of drug addiction or
20   alcoholism, then the ALJ must proceed to determine if the claimant
21   would be disabled if he or she stopped using alcohol or drugs.
22   *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001).

23                          **STANDARD OF REVIEW**

24       Congress has provided a limited scope of judicial review of a
25   Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold
26   the Commissioner's decision, made though an ALJ, when the
27   determination is not based on legal error and is supported by
28

1   substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th

2   Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

3   "The [Commissioner's] determination that a plaintiff is not disabled

4   will be upheld if the findings of fact are supported by substantial

5   evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

6   1983)(*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more then

7   a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10

8   (9th Cir. 1975), but less than a preponderance.  *McAllister v.*

9   *Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v.*

10  *Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir.

11  1988).  Substantial evidence "means such evidence as a reasonable

12  mind might accept as adequate to support a conclusion." *Richardson*

13  *v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch

14  inferences and conclusions as the [Commissioner] may reasonably draw

15  from the evidence" also will be upheld.  *Mark v. Celebrezze*, 348

16  F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the

17  record as a whole, not just evidence supporting the decision of the

18  Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

19  1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

20      It is the role of the trier of fact, not this court, to resolve

21  conflicts in evidence.  *Richardson*, 402 U.S. at 400.  If evidence

22  supports more than one rational interpretation, the court may not

23  substitute its judgment for that of the Commissioner.  *Tackett*, 180

24  F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

25  Nevertheless, a decision supported by substantial evidence still

26  will be set aside if the proper legal standards were not applied in

27  weighing the evidence and making the decision.  *Brawner v. Secretary*

28

*of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At the onset the ALJ found that Plaintiff remained insured through September 30, 2004. (Tr. 287.) He therefore was required to establish disability prior to this date. The ALJ found at step one that Plaintiff has not engaged in substantial gainful activity during any time at issue. (Tr. 289.) At step two the ALJ determined that Plaintiff's COPD is a non-severe impairment, a finding not challenged on appeal. At steps two and three, the ALJ found the medical evidence established that during the relevant time frame, Plaintiff suffered from mild degenerative disease of the lumbar spine, a severe impairment, but not severe enough to meet or medically equal one of the Listed impairments. (Tr. 289-292.) The ALJ found that Plaintiff is not fully credible and has the RFC to perform a significant range of light work. (Tr. 293-294.) At step four, relying on a vocational expert's testimony, the ALJ found that Plaintiff was able to perform his past relevant work as an advertising material distributor, a job he held in 1993. (Tr. 296, 530.) Accordingly, the ALJ determined at step four of the sequential evaluation process that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 296-297.) Because the ALJ found Plaintiff not disabled, she did not proceed to conduct DAA

1  analysis pursuant to *Bustamante*.[1]

2                                ISSUES

3       Plaintiff contends that the Commissioner erred as a matter of

4  law in two respects: 1) the ALJ failed to follow the court's remand

5  order because she did not include a need-to-change-positions-at-will

6  limitation in her hypothetical to the VE, and 2) the ALJ treated

7  Plaintiff's past work delivering advertising materials as past

8  relevant work without conducting the requisite analysis. (Ct. Rec.

9  18 at 15-18.)

10      The Commissioner denies error and asks that the ALJ's decision

11 be affirmed.  (Ct. Rec. 21 at 6-11.)

12                             DISCUSSION

13 **A.   Weighing Medical Evidence**

14      In social security proceedings, the claimant must prove the

15 existence of a physical or mental impairment by providing medical

16 evidence consisting of signs, symptoms, and laboratory findings; the

17 claimant's own statement of symptoms alone will not suffice.   20

18 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on

19 ─────────────────────

20      [1]There is some medical evidence of alcohol abuse.  ER records

21 on  November  15,  2000,  indicate  Plaintiff  was  "obviously

22 intoxicated." (Tr. 196.)  ER records on November 26, 2000, indicate

23 Plaintiff smelled of alcohol.  (Tr. 191.)  Plaintiff testified he

24 underwent treatment in 1983 and was arrested for DUI in March of

25 2003, a conviction on appeal at the time of the hearing. (Tr. 520-

26 521).  Because the ALJ found Plaintiff not disabled, it was not

27 necessary to perform the DAA analysis.  The ALJ should examine DAA

28 on remand if appropriate.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
AND REMANDING FOR FURTHER PROCEEDINGS - 8

the basis of a medically determinable impairment which can be shown
to be the cause of the symptoms.  20 C.F.R. § 416.929.  Once medical
evidence of an underlying impairment has been shown, medical
findings are not required to support the alleged severity of
symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

A treating or examining physician's opinion is given more
weight than that of a non-examining physician.  *Benecke v. Barnhart*,
379 F.3d 587, 592 (9th Cir. 2004).  If the treating or examining
physician's opinions are not contradicted, they can be rejected only
with "clear and convincing reasons."  *Lester v. Chater*, 81 F.3d 821,
830 (9th Cir. 1995).  If contradicted, the ALJ may reject an opinion
by stating specific, legitimate reasons that are supported by
substantial evidence.  *See Flaten v. Secretary of Health and Human
Services*, 44 F.3d 1453, 1463 (9th Cir. 1995).

Plaintiff argues that the ALJ failed to follow the court's
remand order when she omitted a need-to-change-position limitation
in her hypothetical to the VE.  In its remand order, the court noted
that the prior ALJ's written decision included the need-to-change-
position-at-will in the RFC but the hypothetical to the VE did not.
The case was remanded for further proceedings, specifically to take
into account the need to change position.  (Tr. 310.)  In the
present case, the ALJ's RFC did not include a change-position-at-
will requirement, and her first hypothetical to the VE did not
include the requirement.  The current ALJ considered evidence of
medical treatment that occurred after the first hearing.

The current ALJ was not bound by the earlier ALJ's findings:

> Res judicata does not apply when an ALJ later considers
> 'on the merits' whether the claimant was disabled during

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
AND REMANDING FOR FURTHER PROCEEDINGS - 9

an already-adjudicated period. *Lester v. Chater*, 821 F.3d 821, 827 n.3 (9th Cir. 1995). When an ALJ de facto reopens the prior adjudication in that manner, the Commissioner's decision as to the prior period is subject to judicial review. *Ibid*. The ALJ knew of the June 1991 denial of Lewis's 1991 application. Yet he considered evidence of disability from as early as 1989, and he accepted without comment the alleged onset date of September 15, 1990. Under these circumstances it is appropriate for the Court to treat the ALJ's actions as a de facto reopening, and assume a disability onset date of September 1990, as the ALJ did.

*Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001). *See also Hollins v. Apfel*, 160 F.Supp.2d 834 (S.D. Ohio 2001), *affirmed*, 49 Fed. Appx. 533 (6th Cir. 2002) (finding that a widow was limited to reduced range of light work in an earlier proceeding, was not binding on the Commissioner. Res Judicata applied only to the final administrative decision and when the court previously reversed the agency's decision and remanded for further proceedings, it divested the agency's decision of any such finality). Similarly, in the present case, the ALJ considered evidence of disability both pre- and postdating the first ALJ's decision. The second ALJ was not bound by the earlier ALJ's findings. Plaintiff's argument is more accurately framed as whether the ALJ properly weighed the medical evidence of Plaintiff's limitations, including the need-to-change-position-at-will limitation.

The ALJ noted that Plaintiff suffered an injury to his low back while working as a truck driver in September of 1999. (Tr. 289.) He was unloading cargo when he experienced low back pain with shooting pain into the left foot which caused numbness. (Tr. 289, citing Exhibit 15F.) Plaintiff worked until December of 1999 when he quit because the pain became too severe. (Tr. 141.) The ALJ

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND AND REMANDING FOR FURTHER PROCEEDINGS - 10

noted that in April of 2000, examining physician Gerardo Melgar, M.D., limited Plaintiff to sedentary work for at least 12 weeks. (Tr. 289.) Dr. Melgar opined that Plaintiff's back injury was moderately severe. The ALJ gave Dr. Melgar's opinion little weight for several reasons: the examination was performed "due to an application for public assistance"; he was a one-time examining physician without benefit of Plaintiff's medical records; his objective medical findings were limited, and his opinion was inconsistent with the other medical evidence. (Tr. 289, 295.) To the extent that the ALJ relied on plaintiff seeing Dr. Melgar due to an application for public assistance as impairing credibility, the ALJ erred. *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995).

The ALJ points out that by December of 2000, treating physician Russell Maier, M.D., whose opinion is entitled to greater weight, opined that Plaintiff was capable of light work. (Tr. 289, referring to Exhibit 7F.)

The ALJ observes that Plaintiff underwent an independent medical exam in March of 2001 for his worker's compensation claim. (Tr. 289, referring to Exhibit 1F.) Orthopedist Chester McLaughlin and neurologist Peter Gilmore assessed Plaintiff as able to perform medium work *with the ability to change position frequently*. (Tr. 145)(italics supplied). As noted, the ALJ did not include this limitation in her RFC. The ALJ observed that in September of 2001, Dr. Maier opined Plaintiff could perform sedentary work. (Tr. 290, referring to Exhibit 7F.) In September of 2002 (more than a year after onset), Dr. Maier opined that Plaintiff could work as a security guard, a surveillance system monitor, and a driver. (Tr.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
AND REMANDING FOR FURTHER PROCEEDINGS - 11

290, referring to Exhibit 17E.) The ALJ noted that two of these positions were light (security guard and driver) and one sedentary (surveillance system monitor). (Tr. 294 at n.9.)

The ALJ considered credibility when she weighed the medical evidence, and determined that Plaintiff was not entirely credible. (Tr. 294.) Plaintiff does not challenge this finding. When a claimant does not seriously challenge the ALJ's credibility determination, medical opinions based primarily on plaintiff's subjective complaints are entitled to less weight. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (a physician's opinion may be disregarded when it is premised on the properly rejected subjective complaints of plaintiff).

The ALJ relied on a variety of factors when she found Plaintiff less than fully credible, including his ability to attend college courses, earning a "B" average, after onset. (Tr. 294, relying on Tr. 383.) Plaintiff testified that he attended community college from fall of 2001 through spring of 2002. (Tr. 507.) When a claimant can spend a substantial part of his day engaged in the performance of physical activity which is transferrable to a work setting, such a finding is sufficient to discredit allegations of disability. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ's credibility determination is amply supported by the record.

When Plaintiff saw treating physician Truc Do, M.D., on December 5, 2003 (more than two years after onset), he was "feeling great." (Tr. 391.) The ALJ relies on Dr. Do's opinion in April of 2004 that there were no findings to support the Plaintiff's alleged

inability to work. (Tr. 295, referring to Exhibit 10 F.) The ALJ gave weight to the opinions of the physicians who performed a second IME on August 14, 2002, who found that Plaintiff should be limited to lifting less than 40 pounds and do no excessive bending, crouching, stooping or crawling. (Tr. 296, referring to Tr. 444.) She considered the more recent opinions of examining physician Omar Albustami, M.D., who opined in December of 2005 that Plaintiff is exaggerating his problems and is capable of medium work, and of Ernest Kanu, M.D., who opined in May of 2006 that Plaintiff is capable of medium work with no limitations in the ability to perform basic work activities. (Tr. 294, referring to Exhibit 17F at Tr. 491-492, 495.)

After weighing the evidence, the ALJ assessed the following RFC: light work, consisting of the ability to lift/carry/push/pull up to ten pounds frequently and twenty pounds occasionally; sit up to six hours in an eight hour work day with normal breaks; stand/walk at least six hours in an eight hour day with normal breaks; and occasionally stoop, crouch, crawl, climb ladders and climb ropes. (Tr. 292.) At the hearing, the ALJ asked the VE if a person with Plaintiff's background and RFC could perform any of his past relevant work. (Tr. 534.) The ALJ did not include a need-to-change-position-at-will requirement in this hypothetical. The VE responded that such an individual could perform the work of advertising material distributor. (Tr. 534.)

For the vocational expert's opinion to constitute "substantial evidence" supporting a finding of the claimant's ability to perform work, a hypothetical question posed to the expert must include all

the claimant's limitations and restrictions, unless the ALJ has validly rejected a restriction. *Embrey v. Bowen*, 849 F.2d 418, 422-423 (9th Cir. 1988).   The ALJ is responsible for determining credibility and resolving conflicts in the medical testimony and ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In this case the ALJ erred by not validly rejecting a change-position-at-will limitation assessed by the two physicians who conducted an IME - opinions on which she purported to rely.   On remand, the ALJ will need to consider and discuss whether this limitation is necessary.

**B.   Determining Past Relevant Work**

Plaintiff contends the ALJ improperly included his past work as an advertising materials distributor in her hypothetical to the VE without first analyzing whether it was past relevant work.   (Ct. Rec. 18 at 15-16.)   On remand, the ALJ will need to consider and discuss whether this position qualifies as past relevant work, that is, was performed within the past 15 years, lasted long enough to learn to do it, and constituted substantial gainful activity.   20 C.F.R. §§ 404.1565(a) and 416.965(a).   Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17 )** is **GRANTED** and the case is **REMANDED** for further administrative **proceedings.**

2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 20)** is **DENIED;**

3.   Judgment shall be entered for **Plaintiff**.   An application for attorney fees may be filed by separate motion.

1    The District Court Executive is directed to file this Order and

2   provide a copy to counsel for Plaintiff and Defendant. Judgment

3   shall be entered for Plaintiff and the file shall be **CLOSED.**

4    DATED February 5, 2008.

5

6                      S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
AND REMANDING FOR FURTHER PROCEEDINGS – 15